UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

Teresa Carpenter, et al.,            )
    Plaintiff(s);                )
                                     )
-vs.-                                )     No. CV-96-P-01343-W
                                     )
State Farm Fire & Casualty Co., et al., )
    Defendant(s).                )

**Memorandum Opinion**

    The plaintiffs move to remand this action to the Circuit Court of Greene County, Alabama, claiming that complete diversity of citizenship does not exist because defendants Yvonne Smith and Chris Kuykendall are citizens of the state of Alabama.

    The plaintiffs' complaint was filed on April 12th, 1996, in Greene County, Alabama, on behalf of six named plaintiffs: Teresa Carpenter, W.R. Evans, Winston Morris, Rayanthnee Patterson, Lucille Prewitt, and Altheria Wilder. All of the named plaintiffs are citizens of the state of Alabama, residing in Greene, DeKalb, Tuscaloosa, Jefferson, and Jackson Counties. The complaint alleges that the defendant, State Farm Fire & Casualty Company, improperly overestimated the value of plaintiffs' homes in issuing homeowners' insurance policies and collected premiums based on the excessive appraisal. The plaintiffs state claims for fraudulent suppression of material facts, breach of fiduciary duty, fraudulent misrepresentation, negligence, wrongful retention of unearned premiums, and breach of contract. The plaintiffs sought to represent a putative class of similarly situated persons under Rule 23(b)(1)(A), 23(b)(2) or Rule 23(b)(3) of the Alabama Rules of Civil Procedure.

    State Farm Fire & Casualty Company removed the action to this court, claiming that the two

in-state insurance agents, Yvonne Smith and Chris Kuykendall, were fraudulently joined for the purpose of defeating diversity jurisdiction. The case is currently before the court on a motion to remand filed by the plaintiffs.

The removing party bears the burden of proving that the joinder of a resident defendant was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). To prove that joinder was fraudulent, defendants must prove either that "there is no possibility the plaintiff can establish any cause of action against the resident defendant," or that "plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court." *Id.* In determining whether plaintiff could establish any cause of action against a defendant, a district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).

The defendant has met its burden of proving that there is no possibility that the plaintiff Altheria Wilder can establish any cause of action against the resident defendant, Yvonne Smith. Yvonne Smith sold a State Farm homeowner's policy to Altheria Wilder. The undisputed evidence, however, shows that Wilder's home was not overinsured. The named plaintiff, Altheria Wilder, therefore cannot establish any cause of action against the named defendant, Yvonne Smith.

The named plaintiff W.R. ("Rufus") Evans has asserted a potential cause of action against resident defendant Chris Kuykendall. Kuykendall argues that the plaintiff cannot assert a viable claim against him, because Kuykendall did not sell a homeowner's policy to Evans, was not aware of the overinsured policy until a reevaluation of Evans' policy in October of 1995, and, when he learned that Evans' house might be overinsured, immediately informed Evans and then sold him a policy based on a lower replacement value.

2

The plaintiff, Evans, on the other hand, contends that his claim against Kuykendall is not for fraud in the initial issuance of the policy, but for fraud that occurred each time Evans' policy was renewed, when State Farm placed an excessive value on Evans' home or failed to disclose to him the basis of the value. The plaintiff contends that this fraud in the renewal of the policy occurred during a period of time when Chris Kuykendall was acting as agent in these renewals. In addition, the plaintiff attempts to state a claim against Kuykendall for fraudulent suppression, under Ala. Code § 6-5-102, during the re-evaluation of the policy in October of 1995. Although little evidence has been introduced by the plaintiff to support such claims, and whether the plaintiff can in fact establish such claims is questionable, nevertheless, when all factual issues are evaluated in favor of the plaintiff, the defendant has not met its burden of showing that there is no possibility that Evans can establish any cause of action against Kuykendall. Diversity of citizenship therefore does not exist between the named plaintiff Evans and the named defendant Kuykendall.

The defendants assert an alternative theory of federal jurisdiction, based upon the reasoning in *Arnold v. Ford Motor Company*, CV-95-PT-0073-S. The defendants argue that, as to most of the putative class, joinder of the defendants Smith and Kuykendall was fraudulent. According to this reasoning, even if Altheria Wilder or Rufus Evans could assert a viable claim against resident defendants Yvonne Smith or Chris Kuykendall, other class members—who did not purchase homeowners' policies from Smith or Kuykendall—have no possibility of maintaining any claim against Smith or Kuykendall. The defendants contend diversity jurisdiction would exist as to all class members whose policies were not purchased from Smith or Kuykendall.[1] Under the reasoning

---

[1]. The Court's allowance of an amendment, post-removal, naming a class of defendants, is disregarded. As noted, the jurisdictional issue is decided only on the basis of named parties. Furthermore, the Court has only allowed amendment of the pleading—a ruling the state court may vacate after remand or may effectively vacate by denying certification of a defendant class.

of *Arnold*, even assuming arguendo that Wilder and Evans may have viable claims against the resident defendants, diversity of citizenship would exist as to all of the other named and unnamed class members, providing federal jurisdiction for the majority of the class members, and this court could exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims of Wilder and Evans.

This Court, however, declines to follow the reasoning in *Arnold*. In determining whether the requisites of diversity of citizenship under 28 U.S.C. § 1332 are met, the court should look only to the named plaintiffs and named defendants, and not to the citizenship of the entire putative class. Complete diversity is required only between the named plaintiffs and the named defendants in a federal class action. *In re "Agent Orange" Product Liability Litigation MDL No. 381*, 818 F.2d 145 (2d Cir. 1986). The courts look only to the citizenship of the representative parties in a class action. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3606, at 424 (2d ed. 1986). As the Supreme Court noted in *Snyder v. Harris*, 394 U.S. 332, 340 (1969):

> Under current doctrine, if one member of a class is of diverse citizenship from the class' opponent, *and no nondiverse members are named parties*, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant and have nothing to fear from trying the lawsuit in the courts of their own State. See Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356 (1921) (emphasis added).

The inference that follows from the Supreme Court's language in *Snyder v. Harris* is that, if nondiverse members are named parties, the suit may not be properly brought in federal court.

This case is unlike the case of *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 295, 300 (1973), which held that when individual litigants do not satisfy the jurisdictional-amount requirement for suits in the federal courts, those litigants must be dismissed, even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court. *Zahn* involved a case initially filed in

4

federal court, where the defect in jurisdiction could be cured by dismissing certain parties. The present case involves the removal of a case initially filed in state court, and, thus, jurisdiction must be determined on the basis of the pleadings at the time of removal.

The claim by Altheria Wilder is hereby dismissed with prejudice, because the defendant has shown that there is no possibility that Wilder can establish any cause of action against Yvonne Smith. For the reasons set forth above, the entire remainder of the case is hereby REMANDED to the Circuit Court of Greene County, Alabama.

This the 17th day of February, 1997.

_____
Chief Judge Sam C. Pointer, Jr.